[Cite as *Midland Funding L.L.C. v. Mays*, 2016-Ohio-327.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Midland Funding LLC, doing business
in Ohio as Midland Funding DE LLC

        Appellee

v.

Rene Mays

        Appellant

Court of Appeals No. L-14-1154

Trial Court No. CVF-12-16161

**DECISION AND JUDGMENT**

Decided:  January 29, 2016

* * * * *

Rene Mays, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated pro se appeal from a judgment of the Toledo Municipal Court denying appellant Rene Mays' motion for relief from judgment in this action brought to recover funds due and owing appellee Midland Funding LLC, doing business in Ohio as Midland Funding DE LLC.  For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} On September 5, 2012, appellee filed a complaint alleging that appellant owed $5,323.45, plus interest, for repayment of a credit card account appellee purchased from Chase Bank USA, N.A. Appellee claimed it had made a demand on appellant for repayment of the account but that appellant had failed to pay the balance due.

{¶ 3} Appellant filed an answer pro se, denying the allegations and asserting numerous defenses. On December 19, 2012, appellant filed a pro se motion for summary judgment and/or motion to dismiss, arguing that appellee had failed to attach a proper account to the complaint pursuant to Civ.R. 10(D). On January 9, 2013, appellee filed a memorandum in opposition to appellant's motion, asserting that it had in fact alleged an amount due and provided the charge-off statement that set forth appellant's name, the original creditor information and the balance due, and stating that the foregoing information was more than sufficient for appellant to answer the complaint. Appellee added that appellant, in support of her motion, had not stated any legitimate dispute as to the nature of the debt, the amount alleged to be outstanding or her right of action on the debt.

{¶ 4} On April 18, 2013, appellee filed a motion for summary judgment, asserting that the material facts in this case were undisputed: that appellant utilized the credit card and left an outstanding balance on the account. Appellee also asserted that it was entitled to judgment as a matter of law based on those facts and that appellant had not produced any evidence to demonstrate that the account was paid in full. Appellant filed a memorandum contra on May 6, 2013. On May 20, 2013, the trial court granted

2.

appellee's motion for summary judgment.  On June 18, 2013, appellant filed a motion to vacate that judgment entry.  The trial court's journal indicates that neither party appeared at a hearing on June 28, 2013, and that the trial court ordered summary judgment to stand.  On December 9, 2013, appellant filed a motion for relief from judgment.  On April 28, 2014, appellant filed an affidavit in support of her motion for relief from judgment, instanter.  The trial court denied appellant's motion for relief from judgment on June 16, 2014.

{¶ 5} Appellant sets forth the following sole assignment of error:

Assignment of Error No. 1:  The trial court abused its discretion in denying inter alia Appellant's Rule 60(B) July 8, 2013 motion to vacate entry of May 20, 2013, and Appellant's Rule 60(B) December 9, 2013 motion to vacate entry of July 16, 2013 under the facts and circumstances of this case.  See Orders of 07/16/2013 and 06/16/2014.

{¶ 6} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate that:  (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and the motion is made within a reasonable time.  *GTE Automatic Elec. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).  If any of the three requirements are not met, the motion should be overruled.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988).

3.

{¶ 7} An appeal from a denial of a Civ.R. 60(B) motion is reviewed pursuant to an abuse of discretion standard. *Fifth Third Mtge. Co. v. Whittington*, 6th Dist. Lucas No. L-13-1010, 2013-Ohio-2815, ¶ 7-8. An abuse of discretion constitutes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} The record herein reflects that appellee demonstrated it purchased defendant's debt from Chase Bank USA, N.A. on April 26, 2012. Appellee provided the trial court with the original creditor's information and balance due, the charge-off statement, the bill of sale, and the September 25, 2012 affidavit of Serena Slatinsky, appellee's legal specialist, affirming that appellee was the current owner of the account with a balance owed of $5,373.76 as of August 8, 2012.

{¶ 9} The material facts set forth above are undisputed. The record reflects that appellant utilized the account and left an outstanding balance. Appellant is obligated to pay the amount due on the account and has not produced any evidence to demonstrate that the account was paid in full. Therefore, appellant did not demonstrate she had a meritorious defense or claim to present if relief were granted.

{¶ 10} Accordingly, we find that the trial court correctly denied appellant's motion and appellant's sole assignment of error is not well-taken.

4.

**{¶ 11}** On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.